IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PHILPSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. 5:19-cv-480-OLG |
| BILL MILLER BAR-B-Q | ) |
| ENTERPRISES, LTD d/b/a | ) |
| BILL MILLER BAR-B-Q and | ) |
| BRAZOS DE SANTOS | ) |
| PARTNERS, LTD., | ) |
| | ) |
| Defendants. | ) |

## JOINT STIPULATION TO APPROVE CONSENT DECREE AND TO DISMISS DEFENDANTS WITH PREJUDICE

Plaintiff, Ryan Phlipsen ("Plaintiff") and Defendants, Bill Miller Bar-B-Q Enterprises, LTD d/b/a Bill Miller Bar-B-Q and Brazos De Santos Partners, LTD ("Defendants") (collectively, the "Parties"), hereby file this Joint Stipulation seeking the Court's Approval of the parties' Consent Decree and to Dismiss Defendants, BILL MILLER BAR-B-QUE ENTERPRISES, LTD d/b/a BILL MILLER BAR-B-Q and BRAZOS DE SANTOS PARTNERS, LTD., with Prejudice:

1. Plaintiff filed the instant cause of action alleging that the Property operated and/or owned by Defendants violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

2. The matters raised by Plaintiff's Complaint have been resolved in accordance

with the Consent Decree ("Settlement") attached hereto as Exhibit "1".

3. In accordance therewith, the Parties request that the Court review, approve and ratify the Consent Decree. Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Settlement. This Settlement is conditioned upon the Court's retaining jurisdiction to enforce said Settlement.

4. As part of the Settlement reached between the Parties, Plaintiff has agreed to dismiss Defendants, BILL MILLER BAR-B-Q ENTERPRISES, LTD, d/b/a BILL MILLER BAR-B-Q and BRAZOS DE SANTOS PARTNERS, LTD., with prejudice. Accordingly, the Parties request, upon the Court's review, approval and ratification of the Settlement, Defendants, BILL MILLER BAR-B-Q ENTERPRISES, LTD, d/b/a BILL MILLER BAR-B-Q and BRAZOS DE SANTOS PARTNERS, LTD., be dismissed with prejudice.

5. Except as otherwise stated in the Settlement, each party to bear their own fees and costs.

WHEREFORE, the Parties respectfully request that this Honorable Court enter an Order approving the attached Consent Decree, dismissing the claims asserted by Plaintiff against Defendants, BILL MILLER BAR-B-Q ENTERPRISES, LTD, d/b/a BILL MILLER BAR-B-Q and BRAZOS DE SANTOS PARTNERS, LTD., with prejudice, and retaining jurisdiction to enforce the Settlement.

Respectfully submitted this 10th day of March, 2020.

                                              Respectfully submitted,

                                              /s/ Dennis R. Kurz
                                              Dennis R. Kurz
                                              *Attorney-in-Charge for Plaintiff*

Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
dennis@kurzlawgroup.com

/s/ Barry A. McClenahan
Barry A. McClenaha
*Attorney-in-Charge for Defendant*
Texas State Bar ID No. 13404400
The McClenahan Law Firm, PLLC
14603 Huebner Road, Building 32
San Antonio, Texas 78230
(210) 525-9600 Phone
(210) 525-9602 Facsimile
barry@mcclenahanlawfirm.com

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PHILPSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 5:19-cv-480-OLG |
| BILL MILLER BAR-B-Q ) | |
| ENTERPRISES, LTD d/b/a ) | |
| BILL MILLER BAR-B-Q and ) | |
| BRAZOS DE SANTOS ) | |
| PARTNERS, LTD., ) | |
| ) | |
| Defendants. ) | |

## CONSENT DECREE

This Consent Decree (this "Agreement") is made and entered into by and between RYAN PHLIPSEN referred to in this Agreement as ("Plaintiff") and BILL MILLER BAR-B-Q ENTERPRISES, LTD d/b/a BILL MILLER BAR-B-Q and BRAZOS DE SANTOS PARTNERS, LTD ("Defendants"). The signatories to this Agreement will be referred to jointly as the "Parties." This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

### Preamble

**WHEREAS**, on or about May 6, 2019, Plaintiff filed an action in the United States District Court for the Western District of Texas, entitled *Ryan Phlipsen v. Bill Miller Bar-B-Q Enterprises, LTD d/b/a Bill Miller Bar-B-Q and Brazos De Santos Partners, LTD,* Case No: 5:19-cv-480 (the "Action"), wherein Plaintiff asserted claims for injunctive relief against Defendants based upon purported violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. ("ADA") and related claims for relief respecting the real property located at or about 9202 Wurzbach Road, San Antonio, TX 78240, Bexar County Property Appraiser's Parcel ID: 547864, 547870 and 1098892 (collectively, "the Property," upon which the subject location is situated)(the "Facility");

**WHEREAS**, the Parties desire to compromise and fully and finally resolve and settle all actual and potential claims or litigation between them, to avoid the uncertainty, time and expense that would accompany such litigation;

**WHEREAS**, the Parties have agreed to enter into this Agreement pursuant

to which each and every claim and/or cause of action asserted or that could have been asserted by Plaintiff against Defendants shall be fully, forever, and finally released; and

**NOW, THEREFORE**, in consideration of the covenants and mutual promises and agreements contained herein, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### 1. Attorney's Fees and Costs

1.1     Plaintiff and Defendants shall execute this Agreement and Plaintiff's counsel, Dennis R. Kurz, Esq., Kurz Law Group, LLC, 1640 Powers Ferry Road, SE, Building 17, Suite 200, Marietta, GA 30067 shall prepare a Joint Stipulation to Approve Consent Decree and Dismissal of Defendants with Prejudice to be distributed to all Parties for execution. Defendants agrees to pay a total settlement amount of **$4,800.00** comprising of attorney's fees and costs of $4,500.00 and a reinspection fee of $300.00 (the "Settlement Payment"). All payments shall be made payable to "**Kurz Law Group, LLC Trust Account**," with an indication that the check is issued "in settlement of Case No. 5:19-cv-334.

1.2     Upon delivery to Plaintiff's Counsel of the fully executed Agreement and payment due with the executed Agreement referenced in 1.1 above Plaintiff shall promptly file the Joint Stipulation to Approve Consent Decree and Dismissal of Defendants with Prejudice, attaching a copy of the fully executed Agreement and proposed order of dismissal with prejudice.

1.3     Plaintiff agrees to take any and all additional steps required to obtain dismissal of the Action as set forth above. Except as set forth herein, each Party shall be responsible for payment of his or its own litigation expenses, costs and attorneys' fees.

1.4     Plaintiff and Plaintiff's Counsel acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Payment hereunder. Plaintiff and Plaintiff's Counsel, and each of them, expressly acknowledge that Defendants have not made any representations regarding the tax consequences of any Payment received pursuant to this Agreement.

### 2. Alterations or Modifications to the Facilities

2.1     The Parties hereto acknowledge and stipulate that Defendants shall modify or alter the items expressly identified by and in the manner specified in Exhibit "A." The repairs or modifications identified in Exhibit "A" shall be completed in all respects no later than eighteen (18) months from the effective date of the execution of this Agreement, which shall be the date indicated by the last signatory to the Agreement. The time period for Completion by Defendants shall be subject to acts of God, force majeure, or events beyond the control of

Defendants, such as inability to obtain building or zoning permits, failure of the city/county or state inspectors to make inspections, city/county/state work on adjacent roadways/sidewalks which delay implementation of this Agreement, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the alterations or modifications in Exhibit "A" shall be extended by the number of days reasonably attributable to such delay-causing event as long as Defendants provide notice to Plaintiff's Counsel prior to the original completion date set forth above.

2.2   Upon completion of the removal of the barriers and the alterations and modifications set forth in Exhibit "A", Defendants shall provide written notice by certified or registered mail or via e-mail to Plaintiff's Counsel.

2.3   Right to Inspection: The Parties stipulate that after Plaintiff's Counsel receives notice of the completion of the alterations or modifications described in Exhibit "A" or after the elapse of the eighteen (18) month time period set forth in Section 2.1 above, whichever is sooner, Plaintiff may inspect the Facility to ensure that Defendants have completed the repairs or modifications described in Exhibit "A." Defendants shall provide Plaintiff or their representative reasonable access to the Facility to verify completion of the work described in Exhibit "A."

2.4   If an inspection contemplated herein reveals that any of the alterations or modifications described in Exhibit "A" have not been performed in a manner that does not materially comply with Exhibit "A," Plaintiff shall have the right to enforce this Agreement pursuant to Section 3.1.

2.5   It is agreed by all parties that if and upon all of the above modifications being completed as set forth in Exhibit "A," the Facility will be fully compliant with the ADA pursuant to the readily achievable standard.

3.   **Enforcement Provisions**

3.1   In the event the alterations and modifications described in Exhibit "A" are not completed in the manner and time frame set forth in this Agreement, Plaintiff shall be entitled to file an action to obtain specific performance against Defendants or otherwise enforce the requirements of this Agreement. In any action to enforce this Agreement, the parties agree Defendants' failure to timely modify the property pursuant to Section 2.1 above is a material breach of the Agreement.

4.   **Compromise**

4.1   The Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission of any liability, wrongdoing, or responsibility on the part of the Released Parties (as defined in Section 5.1 below). The Released Parties expressly deny any such liability, wrongdoing, or responsibility.

## 5. Mutual Release

5.1 In exchange for the good and valuable consideration set forth herein the sufficiency of which is hereby acknowledged, the Parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties") hereby release, acquit, satisfy and discharge the other, and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally, (hereinafter the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties, including but not limited to this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by the Defendants pursuant to Paragraph 1 of this Agreement and any attorney's fees and costs incurred in the any future enforcement of this Agreement. This Release is strictly limited to the Facility.

5.2 As a material inducement for Defendants to enter into this Agreement, Plaintiff represents and warrants that he is not aware of any pending tort, contract, or other legal claims against Defendants, other than the specific claims brought in this Action under Title III of the ADA, which are released under this Agreement.

5.3 Plaintiff represents and warrants that no portion of any of the matters released by this Agreement and no portion of any recovery or settlement to which they might be entitled have been assigned or transferred to any other person, firm, or corporation not a Party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise.

## 6. Notice

6.1 Unless otherwise provided in this Agreement or by law, all notices or other communications required or permitted by this Agreement or by law to be served on or delivered to any Party to this Agreement shall be delivered as follows:

<u>Defendants</u>:
**BILL MILLER BAR-B-Q ENTERPRISES, LTD.**
**d/b/a BILL MILLER BAR-B-Q**
c/o Barry A. McClenahan
The McClenahan Law Firm, PLLC
14603 Huebner Road, Building 32
San Antonio, Texas 78230
<u>barry@mcclenahanlawfirm.com</u>

4

**BRAZOS DE SANTOS PARTNERS, LTD.**
c/o Barry A. McClenahan
The McClenahan Law Firm, PLLC
14603 Huebner Road, Building 32
San Antonio, Texas 78230
barry@mcclenahanlawfirm.com

To Plaintiff:
**Ryan Phlipsen**
Dennis R. Kurz, Esq.
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
dennis@kurzlawgroup.com

6.2    A Party may change such address for the purpose of this paragraph by giving timely written notice of such change to all other Parties to this Agreement in the manner provided in this paragraph.

## 7.    **Free Will**

**7.1**    The Parties acknowledge that each has had an opportunity to consult with counsel of their own choosing concerning the meaning, import, and legal significance of this Agreement, and that each has done so to the extent desired. In addition, the Parties acknowledge that they each have read this Agreement, as signified by their signatures hereto, and are voluntarily executing the same after having had the opportunity to seek the advice of counsel for the purposes and consideration herein expressed.

## 8.    **Miscellaneous Terms and Conditions**

8.1    This Agreement contains the complete settlement agreement between the Parties. Any and all prior agreements, representations, negotiations, and understandings between the Parties, oral or written, express or implied, with respect to the subject matter hereof are hereby superseded and merged herein.

8.2    This Agreement may be executed in counterparts or by copies transmitted by facsimile or email, all of which shall be given the same force and effect as the original.

8.3    This Agreement may be modified only by a written document signed by all of the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed

by the Party against whom the waiver is to be enforced.

8.4     This Agreement shall be binding upon the Parties hereto, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, attorneys, officers, families, heirs, spouses, and employees.

8.5     If any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

8.6     The Parties acknowledge that they have reviewed this Agreement in its entirety and have had a full opportunity to negotiate its terms, and therefore waive all applicable rules of construction that any provision of this Agreement should be construed against its drafter and agree that all provisions of the Agreement shall be construed as a whole, according to the fair meaning of the language used.

8.7     Plaintiff represents that, other than the Action, he has not filed or authorized the filing of any complaints, charges, or lawsuits against Defendant with any federal, state, or local court, governmental agency, or administrative agency relating to the subject Facilities, and that if, unbeknownst to Plaintiff, such a complaint, charge, or lawsuit has been filed on his behalf, he or it will use his or its best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

8.8     The parties and their Counsel agree to execute any and all further documents and perform any and all further acts reasonably necessary or useful in carrying out the provisions and purposes of this Agreement.

8.9     In any action or other proceeding to enforce rights under this Agreement, the prevailing Party shall recover from the losing party all attorneys' fees, litigation expenses, and costs.

8.10    The Parties agree that any ambiguities in this Agreement shall not be construed against the drafter of the Agreement.

8.11    The Parties acknowledge that all Recitals and/or "WHEREAS" clauses preceding paragraph 1 are incorporated as a material part of this Agreement.

8.12    This Agreement is entered into in, and shall be governed by and construed and interpreted in accordance with the substantive laws of the State of Texas.

IN WITNESS WHEREOF, the Parties have executed this agreement as of the date(s) set forth below:

DATED: Jan/30/2019 _____
                                  Ryan Phlipsen

DATED: 12/30/2019 _____
                                  For: **Bill Miller Bar-B-Q Enterprises, LTD d/b/a Bill Miller Bar-B-Q**

                                  Title: President and CEO

DATED: 12/30/2019 _____
                                  For: **Brazos De Santos Partners, LTD**

                                  Title:

## EXHIBIT A

**For purposes of this Agreement, "2010 ADAAG standards" refers to the ADA Accessibility Guidelines 28 C.F.R. Pt. 36, App. A.**

**The following modifications are to be made by Brazos De Santos Partners, LTD:**

a. The accessible parking spaces in front of the Property have a now-existing slope in excess of 1:48 that shall be modified to be made level or otherwise brought into compliance with section 502.4 of the 2010 ADAAG standards.
b. The access aisle adjacent to the accessible parking spaces on the Property also have a now-existing slope in excess of 1:48 that shall be modified to be made level or otherwise brought into compliance with section 502.4 of the 2010 ADAAG standards.
c. The access aisle and the accessible parking spaces shall be modified with respect to the presence of an accessible ramp in the access aisle such that it be made level or otherwise brought into compliance with sections 502.4 and 406.5 of the 2010 ADAAG standards.
d. Any and all parking spaces on the Property shall be modified to the appropriate width or to otherwise be brought into compliance with section 502.2 of the 2010 ADAAG standards.
e. The accessible ramp side flares shall be modified with respect to their slope in excess of 1:10 or to be otherwise brought into compliance with section 406.3 of the 2010 ADAAG standards.

**The following modifications are to be made by Bill Miller Bar-B-Q Enterprises, LTD d/b/a Bill Miller Bar-B-Q:**

a. The restrooms shall be modified to include the appropriate signage or to otherwise be brought into compliance with sections 216.8 and 703 of the 2010 ADAAG standards.
b. The grab bars adjacent to the commode shall be modified to the appropriate length, specifically with reference to the short rear grab bar, or otherwise be brought into compliance with section 604.5 of the 2010 ADAAG standards.
c. The clear floor space of the toilet shall be modified so that the clear floor space is no longer obstructed by the placement of the toilet paper dispenser or the sink or to otherwise be brought into compliance with section 606.2 of the 2010 ADAAG standards.
d. The door width to the restrooms shall be modified to a maximum clear with of at least thirty-two (32) inches or otherwise be brought into compliance with section 404.2.3 of the 2010 ADAAG standards.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY, a true and correct copy of the above and foregoing has been filed electronically the Clerk of the Court using CM/ECF/system on this 10th day of March, 2020.

/s/ *Dennis R. Kurz*
Dennis R. Kurz